FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

11 OCT 12 PM 3:27

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CHRISTINA M. KINKAID
        Plaintiff,

vs.                Case No. 8:11-CV-2308-T-23MAP

ENHANCED RECOVERY COMPANY, LLC
        Defendant
_____/

COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Christina M. Kinkaid, sues Defendant Enhanced Recovery company, LLC and alleges:

I.    PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. sec. 1692, et. sequi, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from



1

engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. sec. 1692k and 28 U.S.C. sec. 1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff Christine M. Kinkaid is sui juris and a resident of the Middle District of Florida, Tampa Division.

4. The defendant Enhanced Recovery Company, LLC, is a foreign corporation doing business in Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to

collect consumer debts alleged to be due to another in the Middle District of Florida.

### IV. FACTUAL ALLEGATIONS

6. On or about July 12, 2011, the defendant sent to Ms. Kinkaid a letter, a copy of which is attached hereto as Exhibit A, and made a part hereof as if set out in full, alleging that Ms. Kinkaid owed an entity named Nordstrom fsb $682.84.

7. Sometime prior to July 12, 2011, Nordstrom fsb obtained the services of the defendant to collect said $682.84 alleged to be due.

8. On or about July 12, 2011, defendant sent, or caused to be sent, to Ms. Kinkaid written correspondence, known more commonly in

the collection industry as a "dunning letter" for the purpose of collecting monies allegedly owed by Ms. Kinkaid.

9. The debt allegedly owed was a consumer debt within meaning of the FDCPA.

10. Ms. Kinkaid was a consumer within the meaning of the FDCPA.

11. Defendant through the collection communication stated, inter alia, as follows:

> "Unless you dispute the validity of the debt , or any portion thereof, within thirty (30) days after your receipt of, the debt will be assumed to be valid by us.
>
> "If you notify our office below *in writing* within thirty (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that mey be of record against you. We will

mail the verificatin or a copy of the judgment to you.

"Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor listed in the letter on the reverse side of this notice."

(Emphasis added by plaintiff)

## V. PRACTICES OF DEFENDANT

12.   It is or was the policy and practice of defendant to send collection letters in the form of Exhibit A to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumers debts under 15 U.S.C. sec. 1692.

13.   It is or was the policy and practice of defendant to send collection letters written in a manner

that the validation notice is overshadowed by the demand for payment.

## VI. ALLEGATIONS OF LAW

14. At all times material hereto, Christina M. Kinkaid was a "consumer" as said term is defined under 15 U.S.C. sec. 1692a(3).

15. At all times material hereto, Nordstrom fsb was a "creditor" as said term is defined under 15 U.S.C. sec. 1692a(4).

15. At all times material hereto, the debt allegedly owed by Christina M. Kinkaid was a "debt" as said term is defined under 15 U.S.C. sec. 1692a(5).

16. At all times material hereto, defendant was a "debt collector" as said term is defined under 15 U.S.C. sec. 1692a(6).

17. 15 U.S.C. 1692(g)(a) provides, in pertinent part, the following:

Notice of Debts: Contents

6

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt or any portion there, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. The conduct of defendant violated the Fair Debt Collection Practices Act, 15 U.S. 1692 et sequi, by the failure of defendant to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. sec. 1692g. In particular, defendant implied to the least sophisticated consumer that he/she had to notify defendant "in writing" in order to dispute the validity of the purported debt in contravention of the plain language of the FDCPA. Defendant also designed the collection letter in a way that caused the

validation notice to be overshadowed by the demand for payment.

19. As a result of defendant's conduct, plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. sec. 1692k.

20. Plaintiff is entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. sec. 1692k.

**WHEREFORE**, Plaintiff, Christina M. Kinkaid, requests judgment be entered in her favor against defendant, Enhanced Recovery Company, LLC, a foreign for profit corporation.

A. Declaratory judgment that defendant's letter, attached as Exhibit A, violates the Fair Debt Collection Practices Act,

B. Statutory damages pursuant to 15 U.S.C. sec. 1692k;

C.  An award of costs and attorney's fees pursuant to 15 U.S.C. sec. 1692k; and

D.  Such other and further relief as the court may deem just and equitable.

/s/ Frederick W. Vollrath, Esq.
Frederick W. Vollrath, Esq.
Law Office of
Frederick W. Vollrath
FBN: 165-812
307 South Fielding Avenue
Suite 2
Tampa, Florida, 33606
813-335-4379
fredvollrath@aol.com
Counsel for Plaintiff